NUMBER 13-01-791-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

___________________________________________________________________


THE CITY OF BROWNSVILLE, TEXAS 

AND BEN REYNA, CHIEF OF POLICE , Appellants,



v.



JESUS R. GARZA , Appellee.

___________________________________________________________________


On appeal from the 197th District Court

of Cameron County, Texas.

__________________________________________________________________



MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Dorsey (1)

Opinion by Justice Rodriguez




 Appellants, the City of Brownsville and Brownsville Chief of Police Ben Reyna, bring this appeal following
the trial court's judgment in favor of appellee, Jesus Garza. By two issues, appellants contend the trial court
erred in: (1) holding article 28, section 2(a) of a collective bargaining agreement unambiguous; and (2)
excluding testimony pertinent to the interpretation of the ambiguous provision. We affirm.

I. Facts

 As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here. See
Tex. R. App. P. 47.4.

II. Ambiguity

 By their first issue, appellants contend article 28, section 2(a) of the collective bargaining agreement is
ambiguous because it is capable of two or more reasonable meanings. We disagree.

A. Standard

 Whether a contract is ambiguous is a question of law for the court to decide. Lopez v. Munoz, 22 S.W.3d
857, 861 (Tex. 2000). In construing contracts, we must ascertain and give effect to the parties' intentions as
expressed in the document. Id. A contract is not ambiguous if it can be given a certain or definite legal
meaning or interpretation. Id.; DeWitt County Elec. Cooperative, Inc. v. Parks, 1 S.W.3d 96, 100 (Tex.
1998). A term is not ambiguous because of a simple lack of clarity. Parks, 1 S.W.3d at 100. Nor does an
ambiguity arise simply because parties to an agreement proffer different interpretations of a term. Id. Rather,
an ambiguity exists only if an agreement is susceptible to more than one meaning, and both interpretations
must be reasonable. Lopez, 22 S.W.3d at 861; Parks, 1 S.W.3d at 100.

B. Analysis

 Article 28, section 2(a) of the collective bargaining agreement between the City of Brownsville and the
Brownsville Police Officers' Association provides the following:

SECTION 2. Upon request by an employee, the employee's disciplinary record will be purged in accordance
with the following guidelines:

 

 (a) Written evidence of counseling, warnings and reprimands will be removed from personnel files following
twelve (12) consecutive months of discipline-free service.



Appellants agree with appellee that this section can be interpreted to mean that, after twelve consecutive
months of discipline-free service, an officer will have all written evidence of counseling, warnings, and
reprimands removed from their personnel files. However, appellants argue that it can also be interpreted to
mean that, after twelve consecutive months of discipline-free service, an officer is entitled to expungementonly
of those specific instances of counseling, warnings, and reprimands which were themselves followed by twelve
months of discipline-free service.

 Looking at the section, we find no ambiguity. The language is clear that after twelve discipline-free months,
the employee's disciplinary record will be purged of evidence of counseling, warnings, and reprimands. There
is no limiting language found in the section supporting appellants' interpretation. We find no reason to
interpret the language so that the section only applies to a specific instance of counseling, warning, or
reprimand that occurred immediately prior to a twelve month period. Furthermore, we disagree with
appellants' contention that the rest of the section dealing with evidence of suspensions supports their
interpretation. (2) If anything, we find that the limiting language found in section 2(b) could have been included
in section 2(a) if that was what the drafters intended. Moreover, we disagree with appellants' argument that
the trial court's interpretation does not discourage tardiness or absenteeism and does not provide an incentive
to avoid such conduct. Rather, we find that an opportunity to purge one's discipline record is a great incentive
for improved behavior and self-rehabilitation. Thus, we find that article 28, section 2(a) is not susceptible to
one or more reasonable meanings and is not ambiguous. See Lopez, 22 S.W.3d at 861; Parks, 1 S.W.3d at
100. Appellants' first issue is overruled. (3)

 Accordingly, we affirm the judgment of the trial court.

 

NELDA V. RODRIGUEZ

Justice



Opinion delivered and filed

this 8th day of May, 2003.

1. Retired Justice J. Bonner Dorsey assigned to this Court by the Chief Justice of the Supreme Court of Texas
pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Article 28, section 2(b) of the collective bargaining agreement provides that,



(b) Evidence of suspensions will be purged as follows:



 (1) Suspensions of 1-15 days after three years discipline-free service; and



 (2) Suspensions of 16-30 days after five years discipline-free service.



Provided however, that up to two (2) written counseling, warnings or reprimands which occur before one year
from the 3 year or 5 year expiration date of any suspension purging period shall not operate to prevent
purging of the employee's personnel file.

3. Because of our disposition of appellants' first issue, we need not address appellants' second issue as it is
moot. See Tex. R. App. P. 47.1.